IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| AARON RAISER,<br><br>                Plaintiff,<br><br>vs.<br><br>SUSAN GELMIS, ROSLYNN R. MAUSKOPF, MARY H. MURGUIA, CHIEF JUSTICE JOHN ROBERTS, SIDNEY R. THOMAS, MARY M. SCHROEDER, CONSUELO M. CALLAHAN, M. MARGARET MCKEOWN, WILLIAM A. FLETCHER, JAY S. BYBEE, PHILIP S. GUTIERREZ, MAREA WOORICH, TERRI HOURIGAN, SHERI KLEEGER, DOES 1-150;<br><br>                Defendants. | CV 22-62-BLG-SPW-KLD<br><br>FINDINGS & RECOMMENDATION and ORDER |

**I.    Background**

Plaintiff Aaron Raiser, who is proceeding pro se, commenced this action on June 21, 2022 with the filing of a "Third Amended Complaint." (Doc. 1). Plaintiff names the following defendants: (1) Susan Gelmis, Chief Deputy Clerk for the Ninth Circuit Court of Appeals; (2) Roslynn R. Mauskopf, Director of the Administrative Office of the United States Courts; (3) Chief Justice of the United States Supreme Court John Roberts; (4) Ninth Circuit Judges Sidney R. Thomas, Mary M. Schroeder, Consuelo M. Callahan, M. Margaret McKeown, William A.

1

Fletcher, Jay. S. Bybee (collectively "the Ninth Circuit Judges"); (5) Chief United States District Court Judge for the Central District of California, Phillip S. Gutierrez; and (5) Marea Woolrich, Terri Hourigan, and Sheri S. Kleeger, all of whom are court reporters employed by the United States District Court for the Central District of California. (Doc. 1 at 1, 15; Doc. 9 at 10). Plaintiff names Chief Justice Roberts and Mauskoff only in their official capacities, and sues all other defendants in both their official and individual capacities. (Doc. 1 at 15).

Plaintiff's lawsuit stems in part from a 2009 lawsuit he filed in the Central District of California, during which he claims to have "uncovered corruption with the staff of the Central District of California federal court." (Doc. 1 at 2). For example, Plaintiff asserts that the district court improperly denied his motions to recuse the judge or judges assigned to his case, and the Ninth Circuit improperly dismissed his interlocutory appeals. (Doc. 1 at 2-3). Plaintiff subsequently filed several other lawsuits in the federal district courts of California, which he alleges were mishandled by federal district and appellate court judges and staff. (Doc. 1 at 4-14).

Plaintiff complains that he was wrongfully placed on the Ninth Circuit's restricted filer list, and asserts the following causes of action: (1) a claim under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) against Woolrich, Houligan, and Kleeger (collectively "the Court Reporters") and Gelmis alleging due process

violations based on "[t]he loss of integrity of [a] transcript" at trial and on appeal; (2) conspiracy to violate civil rights against the Court Reporters and Gelmis based on alleged due process violations and denial of access to the courts; (3) a *Bivens* claim against the Court Reporters and Gelmis based on alleged due process violations and denial of access to the courts; (4) a claim against Gelmis under the All Writs Act, 28 U.S.C. § 1651, based on alleged due process violations and denial of access to the courts; (5) a claim for "declaratory relief" that Gelmis violated Plaintiff's rights to due process and access to the courts; (6) a mandamus claim requesting that Plaintiff be removed from the Ninth Circuit's restricted filer list or, in the alternative, that Judge Murguia be informed of Gelmis's alleged misconduct in placing Plaintiff on the restricted filer list; (7) a mandamus claim against the Ninth Circuit Judges requesting that each appeal he "lost due to the misconduct of Gelmis and her staff be vacated" and reheard or, in the alternative, that the Ninth Circuit Judges be informed of Gelmis's alleged misconduct; (8) a RICO claim against the Court Reporters and Gelmis based on their alleged involvement in an enterprise to alter transcripts and "deny Plaintiff his right to access to the courts by engaging in racketeering activities, including violations of 18 U.S.C. 1503, 1512"; (11)[1] a mandamus claim against Mauskopf and Chief Justice Roberts requiring them to seek a budget from Congress that adequately

---

[1] Plaintiff's complaint does not include a Ninth or Tenth cause of action.

funds the judiciary, prevent court staff from accessing information about Plaintiff or his cases, make ECF available to all pro per litigants, and requiring Chief Justice Roberts to order Plaintiff removed from the Ninth Circuit's restricted filer list, "explain to Congress why there is such a dearth of them hearing pro per petitions outside of death penalty cases," and make all United States Supreme Court internal rules and procedures available to the public; (12) a claim for declaratory relief against all Defendants under 28 U.S.C. §§ 2801-2202 based on Plaintiff's interpretation of what due process requires, including for example, declarations that he should not have been placed on the Ninth Circuit's restricted filer list and that the delegation of certain duties to federal court staff is unconstitutional; (13) a mandamus claim against all Defendants requiring Chief Justice Roberts and Mauskopf to "take all steps necessary" to investigate his allegations; and (14) a claim against all Defendants under the All Writs Act that is largely duplicative of the assertions and demands in Plaintiff's thirteenth cause of action. (Doc. 1 at 55-73). In addition to the declaratory and mandamus relief identified in the above-listed causes of action, Plaintiff seeks "monetary damages not less than $1,000,000" on each of his *Bivens* causes of action. (Doc. 1 at 73).

On September 17, 2022, Plaintiff filed a motion for an extension of time to serve all Defendants with the summons and Complaint, including at least one year to conduct discovery and serve the Doe Defendants. (Doc. 7). On November 9,

2022, the United States entered an appearance on behalf of all named Defendants and moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim for relief under Rule 12(b)(6). Plaintiff filed an overlength response brief on December 27, 2022 (Doc. 14), and the next day moved for leave to file a corrected, overlength response brief. (Doc. 15). Plaintiff attached a copy of his proposed corrected response brief, which is 85 pages long and contains 24889 words, far in excess of the 6500 word limit set forth in Local Rule 7.1(d)(2)(A). (Doc. 15-2). Although Plaintiff has not established good cause for exceeding the 6500 word limit, in the interest of resolving this matter as efficiently as possible the Court grants Plaintiff's motion and considers his proposed corrected overlength response (Doc. 15-2) as the operative brief in opposition to Defendants' motion to dismiss. For the reasons outlined below, Defendants' motion to dismiss should be granted and this case should be dismissed.

## II. Legal Standards

### A. Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the action. "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coalition v. United States Environmental Protection Agency*, 509 F.3d 1095, 1102 n. 1 (9th

Cir. 2007). The court will presume jurisdiction is lacking until the plaintiff proves otherwise. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

A defendant may pursue a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) either as a facial challenge to the allegations of a pleading, or as a substantive challenge to the facts underlying the allegations. *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A facial challenge to the jurisdictional allegations is one which contends that the allegations "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.

Resolution of a facial challenge to jurisdiction depends on the allegations in the complaint, and does not involve the resolution of a factual dispute. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a facial challenge, the court must assume the allegations in the complaint are true and "draw all reasonable inferences in [plaintiff's] favor." *Wolfe*, 392 F.3d at 362; *Whisnant v. U.S.*, 400 F.3d 1177, 1179 (9th Cir. 2005).

**B.     Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper under Rule 12(b)(6) when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). A plaintiff must state a claim for relief that is "plausible on its face" to survive a motion to dismiss. *Zixiang Li*, 710 F.3d at 999 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At the motion to dismiss stage, the court "take[s] all well-pleaded factual allegations in the complaint as true, construing them in the light most favorable to the nonmoving party." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018) (citation omitted).

    C.    **Pro Se Pleadings**

Because Plaintiff is proceeding pro se the Court must construe his Complaint pleading liberally, and "however inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). See also *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). This means that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King*

*v. Atiyeh*, 814 F.2d 565, 576 (9th Cir. 1987). Nevertheless, in the motion to dismiss context, courts are to construe pro se documents liberally and give pro se litigants the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

In light of the Ninth Circuit's liberal construction requirements, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### III. Discussion

Defendants argue Plaintiff's lawsuit is an impermissible attempt to end run the Ninth Circuit's vexatious litigant restricted filing order, and take the position that his claims are barred by the doctrines of sovereign immunity and judicial immunity. Even if Defendants are not protected from suit under these doctrines, Defendants argue Plaintiff fails to state a claim for relief.

#### A. Subject Matter Jurisdiction

As a preliminary matter, this Court lacks subject matter jurisdiction to consider Plaintiff's claims to the extent he seeks declaratory and mandamus relief directing that his name be removed from the Ninth Circuit's restricted filer list; compelling the Ninth Circuit Judges to vacate the court's adverse decisions and

rehear his appeals; declaring that the Ninth Circuit Judges must draft their own opinions and engage in a specific type of legal analysis; and requiring Mauskopf and Chief Justice Roberts to take several administrative actions, such as restricting court staff from accessing information about Plaintiff, ensuring that ECF is available to all pro se litigants, and providing budget proposals to Congress.

In one of his prior lawsuits filed in the United States District Court for the District of Columbia, Plaintiff asserted *Bivens* claims against the United States and several employees of the federal judiciary based on essentially the same facts and seeking much of the same declaratory and mandamus relief. *Raiser v. United States et al.,* CV-17-0877-DLF (Doc. 1). The court granted the defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, finding that "[a] federal district court has no authority to vacate the orders of other courts or to oversee their staffing and administrative decisions." *Raiser*, CV 17-0877-DLF (D.D.C. Jan. 25, 2018) (Doc. 26 at 2) (citing *United States v. Choi*, 818 F.Supp.2d 79, 85 (D.D.C. 2011) (observing that district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.")). The *Raiser* court further concluded that a district court may not "compel official action from the Chief Justice of the United States – it is 'axiomatic that a lower court may not order the judges or officers of a higher court to take action.'" *Raiser*, CV 17-0877-DLF (Doc. 26 at 2) (quoting *Panko v. Rodak,*

606 F.2d 168, 171 n.6 (7th Cir. 1979)). And, as the *Raiser* court also determined, "federal funding is a matter for congress." *Raiser*, CV 17-0877-DLF (Doc. 26 at 3) (citing *Keepseagle v. Perdue*, 856 F.3d 1039, 1059 (D.C. Cir. 2017). To the extent Plaintiff's claims run afoul of these principles, the Court does not have jurisdiction to consider his suit.

In addition, as argued by Defendants, Plaintiff's lawsuit amounts to an impermissible attempt to circumvent the Ninth Circuit's order placing him on the restricted filer list. (Doc. 9 at 11). Although the vexatious litigant filing restriction was entered by the Ninth Circuit, "the same considerations of comity, consistency of treatment, and orderly administration of justice support a dismissal here." See *In re Fillbach*, 223 F.3d 1089, 1091 (9th Cir. 2000) (upholding a district court's dismissal of a petition that was filed in an attempt to circumvent a vexatious litigant order entered by a bankruptcy court.).

### B. Sovereign Immunity – Official Capacity Claims

Plaintiff's official capacity claims against Chief Justice Roberts, the Ninth Circuit Judges, United States District Court Judge Gutierrez, Gelmis, Mauskopf, and the Court Reporters are barred by the doctrine of sovereign immunity.

It is well settled that the United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued. *U.S. v. Sherwood*, 312 U.S. 584, 586 (1941). See *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of the

federal government's sovereign immunity "cannot be implied but must be unequivocally expressed." *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980). Any such waiver will be "strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

A suit against a government employee in his or her official capacity is tantamount to suing the government itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 437 U.S. 159, 167-69 (1985)). See also *Consejo De Desarrollo Economico De Mexicali, A.C. v. U.S.*, 482 F.3d 1157, 1173 (9th Cir. 2007) (an official capacity suit against a federal employee is merely "another way of pleading an action against the United States," which is barred absent a waiver of sovereign immunity). A *Bivens* action can be maintained against an individual federal employee in his or her individual capacity only, but not in his or her official capacity because such an official capacity claim would be no different than a suit against the United States, "which would be barred by the doctrine of sovereign immunity." *Consejo*, 482 F.3d at 1173.

The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide a waiver of sovereign immunity. See e.g. *Pine Bar Ranch LLC v. Acting Regional Director, Bureau of Indian Affairs,* 2011 WL 2268480, at *2 (D. Mont. June 7, 2011); *Grondol v. U.S.*, 682 F.Supp.2d 1203, 1218 (E.D. Wash. 2010). Likewise, the Mandamus Act, 28 U.S.C. § 1361, does not waive sovereign immunity. See *Hou*

*Hawaiians v. Cayetano*, 183 F.3d 945, 947 (9th Cir. 1999); *Smith v. Grimm*, 534 F.2d 1346, 1353 n. 9 (9th Cir. 1976).[2] The All Writs Act, 28 U.S.C. § 1651, also does not contain a grant of jurisdiction or a waiver of sovereign immunity. See e.g. *Yapunich v. Yarlott*, 2011 WL 4104879, at *2 (D. Mont. Sept. 14, 2011); *Hall v. Richardson*, 1997 WL 242765, at *2 (D. Ariz. Feb. 21, 1997).

Absent a waiver of sovereign immunity, Plaintiffs' official capacity claims against Gelmis, Mauskopf, and the Court Reporters – all of whom are federal employees – and the individually named federal judges are barred and subject to dismissal. See *Aaron Raiser v. The United States District Court for the Central District of California et al.*, CV-20-67-DSF-KK (C.D. Cal. Apr. 8, 2020) (Doc. 8) (finding that Raiser's claims against all non-judicial staff of the United States District Court for the Central District of California and the individually named federal judges in their official capacity were barred by the doctrine of sovereign immunity and subject to dismissal).

---

[2] To the extent "[n]o separate waiver of sovereign immunity is required to seek a writ of mandamus to compel an official to perform a duty required in his official capacity," *Fornaro v. James*, 416 F.3d 63, 69 (D.C. Cir. 2005), Plaintiff has not demonstrated that he is entitled to mandamus relief. "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997). Plaintiff's complaint does not identify any such official duty, and his claims are not clear and certain. Accordingly, Plaintiff fails to state a claim for mandamus relief.

### C. Judicial and Quasi Judicial Immunity – Individual Capacity Claims

Plaintiff's individual capacity claims against the Ninth Circuit Judges, United States District Court Judge Gutierrez, Gelmis, and the Court Reporters are barred by judicial immunity.

Judges are absolutely immune from suit for judicial actions undertaken in the course of their official duties in connection with a case, unless the judge acts outside of his or her judicial capacity or in the complete absence of jurisdiction. *Mireless v. Waco*, 502 U.S. 9, 11–12 (1991). Judicial immunity is not overcome "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (explaining that the doctrine of judicial immunity exists to benefit the public because "[a judge's] errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption"). Taking the allegations in Plaintiff's complaint as true, the Ninth Circuit Judges and Judge Gutierrez were at all times acting in their judicial capacities. Plaintiff's claims against these judicial defendants are thus barred by the doctrine of judicial immunity.

A similar immunity extends to other court personnel when performing tasks that are related to the judicial process. See *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (explaining that the clerk of court and deputy clerks qualify for quasi-judicial immunity when they perform tasks that are

an integral part of the judicial process unless they act in the clear absence of all jurisdiction). Taking Plaintiff's factual allegations as true, Gelmis was at all times performing tasks that were part of the judicial process and acting in her capacity as the Chief Deputy Clerk for the Ninth Circuit Court of Appeals. She is therefore entitled to quasi-judicial immunity.

Although court reporters do not have absolute judicial immunity, *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993), "they may be entitled to qualified immunity, depending on the factual circumstances." *Sams v. County of Riverside*, 2018 WL 1474333, at *7 (C.D. Cal. March 26, 2018) (citing *Green v. Maraio*, 722 F.2d 1013, 1018 (2d Cir. 1983); *Shahin v. Darling,* 606 F.Supp. 525, 543 (D. Del. 2009 ("While court reporters are not entitled to absolute judicial immunity simply by virtue of their position, quasi-judicial immunity applies to court staff, such as clerks of judicial records and court reporters, who are acting in their official capacities."); *Samuel v. Michaud*, 980 F.Supp. 1381, 1404 (D. Idaho 1996) (federal clerks responsible for transcribing proceedings may be protected by qualified immunity); *Taylor v. Sacramento County*, 2009 wL 545784, at *2 (E.D. Cal. Mar. 4, 2009) ("Court reporters enjoy qualified, not absolute immunity.")).

Plaintiff alleges that the Court Reporters did not accurately transcribe certain portions of the trial transcripts in one of his previous civil cases. (Doc. 1 at 46-55). He asserts four claims specifically against the Court Reporters: (1) a *Bivens* claim

alleging due process violations based on the "loss of integrity" of the trial transcripts (first cause of action); (2) conspiracy to violate civil rights based on alleged due process violations and denial of access to the courts (second cause of action); (3) a *Bivens* claim alleging due process violations and denial of access to the courts (third cause of action); and (4) a RICO claim based on the Court Reporters' alleged involvement in an enterprise to alter the transcripts (eighth cause of action).

Taking the facts alleged in Plaintiff's Complaint as true, the Court Reporters were performing tasks related to the judicial process while transcribing trial proceedings. See *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964) (duties of clerks and court reporters relate to the judicial process). Accordingly, Plaintiff's individual capacity claims against these defendants are barred by quasi-judicial immunity.

Even if the Court Reporters are not entitled to quasi-judicial immunity, Plaintiff fails to state a claim for relief against under *Bivens* or any other theory. *Bivens* recognized "an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 66 (2001). The United States Supreme Court has recognized a *Bivens* action in only three contexts: (1) unreasonable search and seizure by federal officers in violation of the Fourth

Amendment, see *Bivens*, 403 U.S. at 396-97; (2) gender discrimination by a member of Congress in violation of the Fifth Amendment, see *Davis v. Passman*, 442 U.S. 228, 248-49 (1979), and (3) deliberate indifference to a prisoner's medical needs by federal officers in violation of the Eighth Amendment, see *Carlson v. Green*, 446 U.S. 14, 19 (1980). If a plaintiff's claim arises in a new context, the court may extend *Bivens* only if (1) the plaintiff has no other adequate remedy, and (2) there are no "special factors" that counsel hesitation in extending *Bivens*. *Ioane v. Hodges*, 939 F.3d at 945, 951 (9th Cir. 2019). The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017).

Plaintiff's *Bivens* claim fails for several reasons. First, a "plaintiff does not have a constitutional right to a totally accurate transcript of his criminal trial. His constitutional rights would be violated only if inaccuracies in the transcript adversely affected the outcome of the criminal proceedings." *Sams*, 2018 WL 1474333, at *7 (quoting *Tedford v. Hepting*, 990 F.2d 745, 747 (3d Cir. 1993). The trial transcripts at issue here were transcribed during the trial of plaintiff's civil claims, and the Court sees no legal basis for holding that Plaintiff had a constitutional right to a totally accurate civil trial transcript.

To the extent Plaintiff complains about access to the courts, that claim sounds in the First Amendment. *Strong v. Woodford,* 428 F.Supp.2d 1082, 1086

(C.D. Cal. 2006). The Supreme Court has never explicitly recognized a remedy for a First Amendment claim, see *Reichle v. Howards*, 566 U.S. 658, 663 n. 4 (2012), and there is no basis for expanding *Bivens* to plaintiff's claim. See *Vega v. United States*, 881 F.3d 1146, 1154 (9th Cir. 2018); *Schwarz v. Meinberg*, 761 Fed. Appx. 732, 734 (9th Cir. 2019) (declining to expand *Bivens* access-to-court claim against federal officials). To the extent Plaintiff alleged procedural due process violations, the Supreme Court has never expanded *Bivens* to the context of a Fifth Amendment due process claim. See *Vega*, 881 F.3d at 1154. Plaintiff had alternative remedies available to him, such as filing motions to correct to the trial transcripts, and there is no basis for expanding the *Bivens* remedy in this context.

Plaintiff also asserts a conspiracy claim against the Court Reporters, but does not cite any statutory or legal authority for his claim. The federal criminal conspiracy statute, 18 U.S.C. § 371, does not create a private right of action against individuals. *Rice v. Holder*, 898 F.Supp.2d 291, 293 (D.D.C. 2012). Although civil conspiracy is a recognized legal doctrine under California law, Plaintiff fails to state a claim for relief because he does not allege any tort – only purported violations of civil rights by denial of access to the courts. See *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 457 (Cal. App. 4th 1994) (civil conspiracy extends tort liability to those "who share with the immediate tortfeasors a common plan or design in its perpetration"). Finally, Plaintiff's RICO claim

against the Court Reporters explicitly relies on a criminal statute, 18 U.S.C. §§ 1503, 1512, which does not create a private right of action. See *Banks v. Kramer*, 2009 WL 5526780, at *1 (D.C. Cir. Dec. 30, 2009); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006).

For all of these reasons, the Court concludes the Ninth Circuit Judges, United States District Court Judge Gutierrez, Gelmis, and the Court Reporters are entitled to judicial or quasi-judicial immunity. See *Aaron Raiser v. The United States District Court for the Central District of California et al.*, CV-20-67-DSF-KK (C.D. Cal. Apr. 8, 2020) (Doc. 8) (dismissing Raiser's individual capacity claims against the federal judge defendants and all non-judicial court staff based on judicial immunity and quasi-judicial immunity); *Aaron Raiser v. United States District Court for the Southern District of California, et al.,* CV-19-1571-CAB-WVG (S.D. Cal. August 28, 2019) (Doc. 6) (dismissing Raiser's claims against the federal judge defendants and their staff based on judicial immunity). Even if the Court Reporters are not entitled to quasi-judicial immunity, Plaintiff fails to state a claim for relief.

## IV.  Conclusion

For the reasons discussed above,

IT IS ORDERED that (1) Plaintiff's Motion for Extension of Time to Serve

Summons, complaint, and to Serve Doe Defendants,[3] and Early Discovery (doc. 7) is DENIED; and (2) Plaintiff's motion for leave to file an overlength and corrected response brief (Doc. 15) is GRANTED. In addition,

IT IS RECOMMENDED that Defendants' Motion to Dismiss (Doc. 8) be GRANTED and this case be dismissed. The Court concludes that the deficiencies set forth above cannot be cured by the allegation of additional facts and amendment would be futile. Therefore, the Court recommends that Plaintiff's Complaint be dismissed with prejudice.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 6th day of January, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge

---

[3] Plaintiff asserts that the Doe Defendants "are individual whose identify [sic] is unknown to Plaintiff and responsible for wrongs alleged herein and shall be identified when their true identity is revealed, including judges of this court." (Doc. 1 at 15). Plaintiff's claims against any such Doe Defendants would fail for all of the same reasons Plaintiffs claims against the named Defendants fail.