IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| AARON RAISER,<br><br>                    Plaintiff,<br><br>vs.<br><br>SUSAN GELMIS, ET AL.,<br><br>                    Defendants. | CV 22-62-BLG-SPW<br><br><br>ORDER |

Before the Court are United States Magistrate Judge Kathleen DeSoto's
Findings and Recommendation, filed January 6, 2023. (Doc. 16).  Judge DeSoto
recommends this Court grant the Motion to Dismiss filed by Defendants Susan
Gelmis, *et al.* (Doc. 8), pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*Id.*).
Plaintiff Aaron Raiser timely objected to the Findings and Recommendation.
(Doc. 19).  The United States filed a response. (Doc. 22).  Raiser then moved to
file a reply (Doc. 24), to file an amended reply (Doc. 25), and for leave to file an
amended reply over the Court's word limit (Doc. 34).  Raiser also moved for other
miscellaneous relief.  (Doc. 23).

For the following reasons, the Court adopts Judge DeSoto's
recommendations in full, denies Raiser's motions to file a reply as against this
Court's rules, and denies his motions for leave to file an amended reply over the
word limit and for miscellaneous relief as moot.

## I.    Background

Raiser does not lodge a specific objection to Judge DeSoto's recitation of the background of this case.  Raiser generally argues that Judge DeSoto omits facts from his complaint that he asserts are necessary to understanding the legal basis for his claims.  (*See e.g.* Doc. 19 at 5).  To the extent these are valid objections, the Court will address them in the analysis section.  Accordingly, the Court adopts Judge DeSoto's recitation of the background of this case and reiterates only those necessary to the present order.

Raiser sued (1) Susan Gelmis, Chief Deputy Clerk for the Ninth Circuit Court of Appeals; (2) Roslynn R. Mauskopf, Director of the Administrative Office of the United States Courts; (3) Chief Justice of the United States Supreme Court John Roberts; (4) Ninth Circuit Judges Sidney R. Thomas, Mary M. Schroeder, Consuelo M. Callahan, M. Margaret McKeown, William A. Fletcher, Jay. S. Bybee; (5) Chief United States District Court Judge for the Central District of California, Phillip S. Gutierrez; and (6) Marea Woolrich, Terri Hourigan, and Sheri S. Kleeger, all of whom are court reporters employed by the U.S. District Court for the Central District of California.  (Doc. 1 at 1, 15; Doc. 9 at 10).  Raiser names Chief Justice Roberts and Mauskoff only in their official capacities and sues all other defendants in both their official and individual capacities.  (Doc. 1 at 15).

In sum, Raiser asserts that he was wrongfully placed on the Ninth Circuit's restricted filer list after filing a variety of lawsuits in the federal district courts of California alleging he had "uncovered corruption" among the staff of the U.S. District Court for the Central District of California. (*Id.* at 2). His causes of action include *Bivens* claims, claims for declaratory relief, mandamus claims, a RICO claim, and a claim for conspiracy to violate his civil rights. (*Id.* at 55-73). On top of the equitable relief requested, Raiser seeks not less than $1,000,000 for each *Bivens* claim. (*Id.* at 73).

Gelmis filed the instant Motion to Dismiss on November 9, 2022, arguing that Raiser's complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim. (Docs. 8, 9). Specifically, Gelmis argues (1) Raiser's attempts to relitigate cases previously decided by the Ninth Circuit violate the law of the case doctrine; (2) judicial immunity bars suit against judges and staff when performing their judicial responsibilities; (3) the Court lacks personal jurisdiction over most of the Ninth Circuit defendants; (4) no *Bivens* claim to attack denial of access to the courts and court resources; (5) the Court lacks subject matter jurisdiction over the declaratory judgment claims because of sovereign immunity; (6) Raiser fails to state a claim for mandamus relief; (7) the Court lacks subject matter jurisdiction over Raiser's All Writs Act claim; and (8) Raiser cannot raise a private right of action under the criminal RICO statutes. (Doc. 9).

3

## II.   Legal Standard

### A.   *Motion to Dismiss*

#### 1. *Lack of Subject Matter Jurisdiction*

A Rule 12(b)(1) motion challenges jurisdiction.  The party seeking to invoke the Court's jurisdiction has the burden to establish it.  *Scott v. Breeland*, 792 F.2d 925, 926 (9th Cir. 1986).  "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (internal citation omitted).  The Court also may hear evidence and resolve factual disputes where necessary.  *Id.*

#### 2. *Failure to State a Claim*

Rule 12(b)(6) governs a motion to dismiss for failure to state a claim upon which relief can be granted.  "Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).  The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)).

4

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Bare legal conclusions or recitations of the elements are not enough. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   *Findings and Recommendations*

The parties are entitled to de novo review of those findings and recommendations to which they have "properly objected." Fed. R. Civ. P. 72(b)(3). *See also* 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not properly objected to are reviewed for clear error. *See McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

An objection is proper if it "identif[ies] the parts of the magistrate's disposition that the party finds objectionable and present[s] legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Mont. Shooting Sports Ass'n v. Holder*, No. CV 09-147-M-DWM-JCL, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). *See also* D. Mont. L.R. 72(a) (requirements for a proper objection). "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference." *Mont. Shooting Sports Ass'n*, 2010 WL 4102940, at *2

C.   *Pro Se Filings*

Because Raiser is proceeding pro se, the Court must construe his complaint liberally; "however inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In the motion to dismiss context, the Court also must to construe pro se documents liberally and give pro se litigants the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Still, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). This means that "[p]ro se litigants must follow the same rules of procedure that

6

govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 576 (9th Cir. 1987),

*overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir.

2012).

In light of the Ninth Circuit's liberal construction requirements, "a district

court should grant leave to amend even if no request to amend the pleading was

made, unless it determines that the pleading could not possibly be cured by the

allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)

(quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## III.   Discussion

### A.   *Reply to Objections*

The Court first will address Raiser's motions to file a reply to his objection

and to file an amended reply. (Docs. 24, 25). This Court's Local Rules are clear

that parties cannot file replies to objections to Findings and Recommendations. D.

Mont. L.R. 72.3(b). "Local rules have the 'force of law' and are binding upon the

parties and upon the court ...." *Pro. Programs Grp. v. Dept. of Com.*, 29 F.3d

1349, 1353 (9th Cir. 1994) (quoting *Martel v. County of Los Angeles,* 21 F.3d 940,

946-47 (9th Cir. 1994)). Again, this includes pro se parties. *King*, 814 F.2d at 576.

At the same time, the Court enjoys "broad discretion to depart from the strict terms

of the local rules where it makes sense to do so and substantial rights are not at

stake." *Pro. Programs Grp.*, 29 F.3d at 1353.

Raiser alleges that the United States' response brief "raises new matters and otherwise raises issues needing correction and/or addressing." (Doc. 24 at 1). However, Raiser does not identify the "new matters" to which he refers. Rather, his proposed reply merely restates the arguments he made in his initial objection and in briefing in front of Judge DeSoto. Accordingly, the Court finds that Raiser did not state a valid basis for the Court to depart from the Local Rules and denies his motion to file a reply to his objection and motion to file an amended reply. (Docs. 24, 25). His motion to file a reply beyond the word limit (Doc. 34) is also denied as moot.

### B.  Objections

Turning to Raiser's objections, the Court first will address the impact of Raiser filing an overlength objection without separately and pre-emptively asking for permission to do so. Under Local Rules 72.3(a)(3) and 7.1(d)(2)(A), objections to a magistrate's Findings and Recommendations are limited to 6500 words. Raiser's objection is 14,701 words—well in excess of the Local Rule's limit. (Doc. 19). He requested leave to file over the word limit at the end of the document, arguing that his case "is simply way too involved factually and legally, and further deals with extremely difficult areas of Constitutional law." (*Id.* at 52).

This is not the first time in this case Raiser has filed an overlength brief without getting prior approval from the Court. In December 2022, Raiser filed a

24,889-word response to Gelmis's Motion to Dismiss with a request to exceed the word count at the end. (Doc. 14). Judge DeSoto found that Raiser had not established good cause for exceeding the word limit but considered his brief anyway "in the interest of resolving the matter as efficiently as possible." (Doc. 16 at 5).

Judge DeSoto's admonishment and reference to the Local Rules put Raiser on notice of the Court's word limit and the procedures for requesting leave to exceed the word limit. Thus, the Court interprets Raiser's decision to again file an overlength objection and request permission to do so at the end of his brief as his disrespect for the Court's rules as opposed to his ignorance of them. His status as a pro se filer or, (as he believes) the complexity of his case, does not exempt him from the local rules. Accordingly, the Court will only consider the first 6,500 words, or the first 21 pages, of Raiser's objection.[1]

Reading the first 21 pages of Raiser's objection, the United States' response, the briefing in front of Judge DeSoto, and Judge DeSoto's Findings and Recommendation, the Court finds that most of Raiser's objections merely restate

---

[1] Raiser also fails to comply with D. Mont. L.R. 72.3(a)(1) and (2), which require an objection to "(1) itemize each factual finding of the magistrate judge to which objection is made, identifying the evidence in the record the party relies on to contradict that finding" and "(2) itemize each recommendation of the magistrate judge to which objection is made, setting forth the authority the party relies on to contradict that recommendation." Raiser does not list the findings and recommendations to which he objects and instead scatters his objections throughout his filing. Though not as significant of a violation as the word limit, the Court notes his failure to comply with this rule in order to impress upon him that he is not free to ignore them.

the arguments he made and evidence he presented to Judge DeSoto in the first place—in particular his assertions that Judge DeSoto's Findings and Recommendations are a manipulation of the law, that she unconstitutionally vested her authority in her staff to make legal decisions, and that her analysis of subject matter jurisdiction is legally and factually incorrect.

However, the Court identifies four objections that specify the portions of Judge DeSoto's Findings and Recommendation to which he objects: (1) Judge DeSoto did not accept the facts alleged in Raiser's complaint as true; (2) Judge DeSoto's law clerk "and/or others had communications with either Gelmis or anyone at the [Ninth Circuit] working as a liaison between the [Ninth Circuit] and the district courts"; (3) Judge DeSoto stated that Raiser ran afoul of certain principles but did not identify what those principles are or how Raiser ran afoul of them; and (4) Judge DeSoto ignored the authorities provided by Raiser "showing a civil RICO action exists." (Doc. 19 at 7-8, 10, 13, 17). The Court reviews Judge DeSoto's Findings and Recommendation on these issues de novo, and all other issues for clear error.

### 1. Failure to Accept the Facts in the Complaint as True

As to whether Judge DeSoto failed to accept the facts of Raiser's complaint as true, Raiser points to the fact that he "has never filed an appeal that lack [sic] merit in any way shape or form, and most every appeal [Raiser] should have won."

(*Id.* at 10).  Accordingly, Judge DeSoto should have accepted Raiser's assertion that his appeals had merit as true.  (*Id.*).

Whether Raiser's appeals had merit and/or were correctly decided is not a fact that the Court must accept as true; it is Raiser's opinion.  The Court is not bound to accept any opinions in a complaint as true, so the Court overrules this objection.

### 2. *Communications with Gelmis and/or the Ninth Circuit "Liaison"*

As to whether Judge DeSoto and/or her staff were communicating with Gelmis or another "liaison" for the Ninth Circuit, Raiser does not cite to, nor could the Court find, any evidence of such communications in his complaint.  (Doc. 19 at 13).  To survive a motion to dismiss, a claim must be facially plausible, meaning that the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Bare legal conclusions or recitations of the elements are not enough.  *Moss*, 572 F.3d at 969.

Raiser's claims about the Ninth Circuit's "liaison" are the same as those claims in *Iqbal*—merely conclusory and without any factual support for his claim to be plausible on its face.  *See also Twombly*, 550 U.S. at 547 (holding that a pleading must state "enough facts to state a claim to relief that is plausible on its face.").  Instead, Raiser relies on his belief that the Court must accept *everything*,

11

not just the well-pled facts, in his complaint as true. The Court overrules this objection.

### 3. *Principles of Subject Matter Jurisdiction*

Raiser objects to Judge DeSoto's findings that Raiser's claims "run afoul" of the principles of subject matter jurisdiction because the Court does not have the power to: compel the Ninth Circuit to remove Raiser from its restricted filer list, compel the Ninth Circuit vacate the decisions adverse to Raiser and rehear his appeals, declare that Ninth Circuit judges must draft their own opinions and engage in a specific type of legal analysis, and require the Director of the Administrative Office of the U.S. Courts and Chief Justice John Roberts to take certain administrative actions. (Doc. 19 at 17 (discussing Doc. 16 at 9-10)). Raiser claims that Judge DeSoto failed to clarify what principles Raiser ran afoul of and how he did so. (*Id.*).

However, immediately after Raiser states this objection, he lists and attempts to rebut four principles Judge DeSoto found Raiser's claims violated. (*Id.* at 17-22). Raiser cannot on the one hand object that Judge DeSoto failed to specify the principles upon which Raiser's complaint fails, then attack each principle she stated Raiser's complaint violates. This irreconcilable contradiction justifies overruling Raiser's objection.

### 4. RICO Action

Raiser next objects that Judge DeSoto "ignores all [the] authority and rules" Raiser presented demonstrating that a civil RICO action exists when she concluded that Raiser failed to state a claim for relief under RICO. (*Id.* at 7-8).

In reviewing Judge DeSoto's Findings and Recommendation, the Court disagrees with Raiser that Judge DeSoto rejected the existence of a civil RICO action. Rather, she found that Raiser stated a claim for a *criminal* RICO action, which he, as a private individual, cannot do. (*See* Doc. 16 at 17-18 (citing *Banks v. Kramer*, No. 09-5140, 2009 WL 5526780, at *1 (D.C. Cir. Dec. 30, 2009)); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006)).

Further, the Court agrees with her analysis. On page 58 of Raiser's complaint, he lists as his eighth cause of action a RICO claim against the Court Reporter, Gelmis, and Does 1-150. (Doc. 1 at 58). He cites 18 U.S.C. §§ 1503, 1512 as the statutes that the relevant defendants violated. 18 U.S.C. §§ 1503, 1512 are criminal statutes that do not create a private right of action. Raiser does not allege in this count a violation of any civil law, let alone the civil RICO law. Raiser's attempt to remedy this error by citing to civil RICO law elsewhere is unsuccessful because he never stated a claim for a civil RICO violation. Accordingly, the Court overrules this objection.

13

### 5.  *Other Objections*

Raiser's other objections—that Judge DeSoto's Findings and

Recommendations are a manipulation of the law, that she unconstitutionally vested

her authority in her staff to make legal decisions, and that Judge DeSoto's analysis

of subject matter jurisdiction is legally and factually incorrect—are restatements of

the arguments he made to her in the first place.  He provides no new authority or

evidence, as is required for a proper objection.  Raiser also does not object to Judge

DeSoto's recommendation that the case be dismissed without prejudice.

After reviewing the Findings and Recommendation, this Court does not find

Judge DeSoto committed clear error in her analysis of these issues.  The Court

overrules Raiser's objections and adopts Judge DeSoto's Findings and

Recommendations in full.

### C.    *Motion for Miscellaneous Relief*

Raiser's remaining motion asks the Court for the following:

(1) The Judge to certify that she has personally read the complaint and the
    record;
(2) The Judge to certify she personally read the briefing and objections on
    the Motion to Dismiss;
(3) Court staff cease all work on the case;
(4) The Judge take over the case from scratch;
(5) The Court declare the process of having staff do the work of a judge is
    unconstitutional;
(6) The Court have a hearing on this matter; and
(7) The Judge certify that she has read the instant motion.

(Doc. 23).

Since the Court has found that dismissal of this case with prejudice is proper, the Court denies this motion as moot.

## IV.    Conclusion

Accordingly, IT IS SO ORDERED:

1. Magistrate Judge Kathleen DeSoto's Findings and Recommendation (Doc. 16) are ADOPTED IN FULL.

2. Plaintiff Aaron Raiser's Motion to File a Reply to Objections (Doc. 24) and Motion to File an Amended Reply (Doc. 25) are DENIED.

3. Raiser's Motion for Leave to Exceed the Word Count (Doc. 34) and Motion for Miscellaneous Relief (Doc. 23) are DENIED as moot.

4. Defendants Susan Gelmis, *et al.*'s Motion to Dismiss (Doc. 8) is GRANTED and the case is DISMISSED WITH PREJUDICE.

The Clerk of Court is directed to enter judgment and close this matter.

DATED this _29th_ day of June, 2023.

SUSAN P. WATTERS
United States District Judge

15