IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| AARON RAISER, | CV 22-62-BLG-SPW₆ |
| Plaintiff, | |
| vs. | ORDER |
| SUSAN GELMIS, ET AL., | |
| Defendants. | |

Before the Court is Plaintiff Aaron Raiser's Pro Se Motion requesting an order allowing him access to the record in PACER in his case before the Court in forma pauperis. (Doc. 45). Raiser attached an Application to Proceed in the District Court Without Prepaying Fees or Costs to his motion. (Doc. 45-1).

Under 28 U.S.C. § 1915(a), a person may commence a civil proceeding without prepaying fees upon filing an affidavit showing their inability to pay. Notwithstanding any filing fee or portion thereof that may have been paid, the Court shall dismiss the case if it determines that the action or appeal is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

On November 5, 2023, Raiser filed his notice of appeal of this Court's order granting Defendants' motion to dismiss. (Doc. 41). Raiser is subject to a pre-filing

1

review order from the Ninth Circuit, meaning the Ninth Circuit's Pro Se Unit screens any of Plaintiff's appeals and presents an order to the motions panel to determine whether the appeal should be rejected or permitted to proceed. *See In re Thomas*, 508 F.3d 1225 (9th Cir. 2007) (stating standard for permitting appeals to proceed pursuant to pre-filing review order).

In the instant motion, Raiser explains while preparing for his appeal in this action, his computer broke and he lost access to files from the case in front of the Court that he needs to prepare for his appeal. (*Id.* at 1).

Defendants Susan Gelmis, *et al.*, do not contest Raiser's financial status. Rather, they oppose the motion for three reasons. First, Defendants argue his notice of appeal was defective because he did not simultaneously and timely submit his notice of appeal, the filing fee, and the appellate docket fee to the Court, as required by Ninth Circuit Rule 3-1. (Doc. 46 at 2). Second, Defendants assert PACER access is not necessary for Raiser to prepare for his appeal because, since Raiser is subject to a prefiling review order, he only needs to file a short and plain statement of the facts and law on which he intends to rely. (*Id.* at 3). Third, Defendants contend that the Court should not grant the motion because granting it would signal that the appeal is taken in good faith, even though the Ninth Circuit could decide otherwise in its prefiling review. (*Id.* at 4).

2

Raiser generally responds that the requested relief should be granted because the Ninth Circuit and other district courts have afforded him the same relief in other cases. (Doc. 47 at 1). Raiser also maintains that Defendants' arguments "create[] a catch-22 for Plaintiff": Raiser does not have PACER access in his Ninth Circuit case until he proves to the Ninth Circuit that the facts and law support the Ninth Circuit accepting his case for appeal. (*Id.* at 1–2). But without PACER access, Raiser cannot determine the facts and law he needs to present to the Ninth Circuit to demonstrate his appeal is warranted. (*Id.*). Thus, Raiser avers his requested relief is warranted. (*Id.*).

As an initial matter, the financial information contained in Raiser's application for a fee waiver is sufficient to make a showing under § 1915(a). Accordingly, under 28 U.S.C. § 1915(e), the only question remaining for the Court is whether the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. Kings*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds"

3

of his "entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted).

The term "frivolous ... embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. In considering whether a pleading is frivolous, the Court need not "accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the Court may "pierce the veil of the complaint's factual allegations" and consider whether the allegations are fanciful, fantastic, or delusional. *Id.* at 32–33 (citing *Neitzke*, 490 U.S. at 325, 327–28). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33; *see also In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (reaffirming that a court may dismiss an in forma pauperis case as frivolous "when the complaint recites 'bare legal conclusions with no suggestion of supporting facts, or postulat[es] events and circumstances of a wholly fanciful kind.'") (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984)).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

4

The Court finds Raiser's appeal is frivolous because his complaint postulates "on events and circumstances of a wholly fanciful kind." *In re Thomas*, 508 F.3d at 1227 (quoting *Franklin*, 745 F.2d at 1228). Raiser generally alleges that Ninth Circuit staff conspired against him to place him on its restricted filer list. Among the conspiratorial acts alleged are that the Ninth Circuit staff colluded to place him on its restricted filer list and that certain court reporters did not accurately transcribe certain portions of the trial transcripts in his previous cases. Raiser has provided the Court with no basis on which to believe these frankly fanciful allegations.

Accordingly, Raiser's appeal is frivolous. The Court denies his motion.[1]

IT IS SO ORDERED that Plaintiff Aaron Raiser's Pro Se Motion (Doc. 45) is DENIED.

IT IS FURTHER ORDERED that Raiser's Pro Se Motion (Doc. 51) is DENIED. As stated, in the Court's previous order on Raiser's motion for an extension, Raiser must ask the Ninth Circuit for an extension in his appeal. (Doc.

---

[1] With respect to Defendants' argument that the Court should deny the motion because Plaintiff did not follow the correct procedure for filing his appeal, the defectiveness of a pro se appeal is not for this Court to decide and therefore not a proper basis for the Court to deny the motion. According to the Ninth Circuit's pro se handbook, the Court "must process a notice of appeal and transmit it to the designated appellate court, even if the notice is defective, unaccompanied by a filing fee, late, or otherwise jurisdictionally deficient. It is the role of the appellate court, not the district court, to determine the existence or scope of appellate jurisdiction and to dispose of defective or jurisdictionally deficient appeals." United States Courts for the Ninth Circuit, Pro Se Handbook for District Courts, at 134 (Rev. Nov. 20, 2017), http://www.circ9.dcn/publications/prose/prosehandbook.pdf.

49). The Ninth Circuit opened a docket in his appeal, No. 24-2163, so he must file

his motion for an extension there. (*See* Doc. 50).

DATED this ___8th___ day of April, 2024.

SUSAN P. WATTERS
United States District Judge